UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO. 6:14-cr-238-JA-DCI

NESTER LEON

### ORDER

This case comes before the Court on Nestor Leon's pro se motion for compassionate release under 18 U.S.C. § 3582 (Doc. 245). For the following reasons, the motion must be denied.

### I. BACKGROUND

In 2015, a jury found Leon guilty of two counts: carjacking and possessing a firearm during or in furtherance of a crime of violence. (Doc. 69). The Court sentenced Leon to 216 months of imprisonment for both counts. (Doc. 203). Leon is 35 years old and currently incarcerated at USP Hazelton in Bruceton Mills, West Virginia, with a projected release date of April 26, 2030. (*See* Bureau of Prisons Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on January 25, 2024)).

## II. DISCUSSION

Leon contends that the ongoing "Isreal [sic] and Pakistan war" is a "compelling and extraordinary reason" for his sentence to be reduced because he is Jewish and can "participate as a reservist and volunteer." (Doc. 245 at 1).

Under 18 U.S.C. § 3582(b), "'[a] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (second alteration in original). "Section 3582(c), as amended by the First Step Act, gives a district court discretion to 'reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable' if a reduction is warranted for 'extraordinary and compelling reasons' and 'is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Broomfield*, No. 20-14514, 2022 U.S. App. LEXIS 8005, 2022 WL 896825, at *1 (11th Cir. Mar. 28, 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)). Before a district court grants a motion for compassionate release, it must also consider whether the defendant poses "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2).

U.S.S.G. § 1B1.13 specifies four categories of extraordinary and compelling reasons for compassionate release: the defendant's medical condition, age, family circumstances, and suffering of abuse while serving the prison term.

2

*Id.* § 1B1.13(b)(1)–(4). Leon relies on none of these reasons. (*See* Doc. 245). And Leon has not "present[ed] any other circumstances or combination of circumstances that . . . are similar in gravity to" the four categories listed in § 1B1.13(b)(5). *See* § 1B1.13(b)(5). The fact that "his country is at war" is insufficient. (Doc. 245 at 1).

The Court also denies the motion based on the danger to the community presented by Leon. He had multiple prior felony convictions, including three crimes of violence. Accordingly, the Court finds that if released, Leon would pose a serious danger to the community.

Lastly, the Court denies the motion because the section 3553(a) factors weigh against compassionate release. *See* 18 U.S.C. § 3553(a). The carjacking offense for which Leon was sentenced was quite serious, and Leon has a troubling criminal history indicating that he presents a danger to the community. Also, if Leon were released now, his term of imprisonment would not adequately "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," or "protect the public from further crimes of the defendant." *Id.* § 3553(a)(2).

### III. CONCLUSION

Accordingly, it is **ORDERED** that Nestor Leon's motion for compassionate release (Doc. 245) is **DENIED**.

3

**DONE** and **ORDERED** in Orlando, Florida, on January 25, 2024.

*/s/ John Antoon II*
JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Nester Leon

4