# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.

NESTER LEON

CASE NO. 6:14-cr-238-JA-DCI

## ORDER

This case comes before the Court on Nestor Leon's second pro se motion for compassionate release under 18 U.S.C. § 3582 (Doc. 249) and the Government's response (Doc. 250). For the following reasons, the motion must be denied.

### I. BACKGROUND

In 2015, a jury found Leon guilty of two counts: carjacking and possessing a firearm during or in furtherance of a crime of violence. (Doc. 69). The Court sentenced Leon to 216 months of imprisonment for both counts. (Doc. 203). Leon is 35 years old and currently incarcerated at USP Hazelton in Bruceton Mills, West Virginia, with a projected release date of April 26, 2030. (*See* Bureau of Prisons Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on April 15, 2024)). Leon's first motion for compassionate release (Doc. 245) was denied in January 2024 because he did not meet any of the extraordinary and

compelling reasons for compassionate release under U.S.S.G. § 1B1.13. (*See* Doc. 246).

## II. DISCUSSION

### a. Exhaustion

A defendant must first "fully exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See United States v. Harris*, 989 F.3d 908, 909–10 (11th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

In his second motion for compassionate release, Leon asserts that he filed an institutional request with the warden on November 1, 2023. However, the November 1, 2023 institutional request was based on the asserted extraordinary and compelling reason that Leon "is of Jewish religion and his country is at war." (*See* Doc. 245-1 at 2). That was the basis of Leon's previous compassionate release request, which this Court denied. (*See* Docs. 245, 246). To date, the Court is not aware that Leon has filed an additional institutional request asserting the claims made in the motion before it. (*See* Doc. 250). Because exhaustion is dispositive, the Court may deny the motion on this basis alone.

### b. Extraordinary and Compelling Reasons

Assuming Leon met the exhaustion requirement, he argues that he is eligible for release because there are "compelling and extraordinary reasons"

2

that allow for a reduction in his sentence under 18 U.S.C § 3582(c). Leon asserts several reasons, which the Court addresses in turn.[1]

Under 18 U.S.C. § 3582(b), "'[a] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (second alteration in original). "Section 3582(c), as amended by the First Step Act, gives a district court discretion to 'reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable' if a reduction is warranted for 'extraordinary and compelling reasons' and 'is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Broomfield*, No. 20-14514, 2022 WL 896825, at *1 (11th Cir. Mar. 28, 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)).

U.S.S.G. § 1B1.13 specifies the categories of extraordinary and compelling reasons for compassionate release: the defendant's medical condition, age, family circumstances, suffering of abuse while serving the prison term, other grave circumstances, or an unusually long sentence. *Id.* § 1B1.13(b)(1)–(4).

---

[1] In addition to his other claims, Leon argues that his criminal history score was improperly calculated at sentencing, he had poor counsel at trial, evidence in his trial was destroyed, and witnesses at his trial lied. (Doc. 249 at 5–7). These are not bases for release under 18 U.S.C. § 3582.

Leon first argues that his uncle, Jose Antonio Rodriguez, is working as an informant for the DEA and has attempted multiple times to have Leon executed. (Doc. 249 at 2–3). Leon alleges that Rodriguez is putting Leon's family members in danger and is harassing Leon's mother. (Doc. 249 at 4). The Government responded to these allegations with the results of an investigation into the information Leon provided in his motion, reporting that "there is no information, or indication, that this individual was a DEA source or cooperator"; that "there is no information, or indication, that any of the assertions made by defendant regarding the United States' use of this individual or threats made by this individual are true"; and that "BOP has no record of any 'hits' or 'attempted hits' on defendant, and defendant has not offered any proof of such." (Doc. 250 at 9–10).

Additionally, Leon also argues that he has a failing liver and long COVID-19, and the health providers at USP Hazelton are "failing to provide [him] with the proper health care." (Doc. 249 at 7). Upon investigating, the Government found that Leon's medical records–which have been filed under seal, (*see* Doc. 252)– "do not support anything terminal, or even abnormal" and do not indicate "that [Leon's] 'kidney and liver are failing' or that he has 'contracted long covid-19.'" (Doc. 250 at 9). Additionally, the Government notes that "even [Leon's] medical records show his continued misbehavior." (*Id.*).

4

Because Leon "has not provided any independent information to support any of his claims," he has not met the requirements for release under U.S.S.G. § 1B1.13. (Doc. 250 at 5).

Before a district court grants a motion for compassionate release, it must also consider whether the defendant poses "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2). Even if Leon had succeeded on the other components of his motion, the Court would deny the requested relief based on the danger Leon poses to the community. He had multiple prior felony convictions, including three crimes of violence. Leon has also had four disciplinary proceedings within the last five years while in BOP custody: possessing drugs/alcohol twice, assault, and fighting. (Doc. 250 at 8). Each of these violations resulted in good time credit lost in addition to the loss of other privileges. (*Id.*) Accordingly, the Court finds that if released, Leon would pose a serious danger to the community.

In conclusion, the Court denies the motion because the 18 U.S.C. § 3553(a) factors weigh against compassionate release. The carjacking offense for which Leon was sentenced was quite serious, and Leon has a troubling criminal history indicating that he presents a danger to the community. Also, if Leon were released now, his term of imprisonment would not adequately "reflect the seriousness of the offense," "promote respect for the law," "provide just

punishment for the offense," "afford adequate deterrence to criminal conduct," or "protect the public from further crimes of the defendant." *Id.* § 3553(a)(2).

### III. CONCLUSION

Accordingly, it is **ORDERED** that Nestor Leon's second motion for compassionate release (Doc. 249) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on April 17, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Nester Leon