UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.   CASE NO. 6:14-cr-238-JA-DCI

(6:19-cv-1882-JA-DCI)

(6:25-cv-490-JA-DCI)

NESTER LEON

### ORDER

Before the Court is Nester Leon's third pro se motion for compassionate release under 18 U.S.C. § 3582.[1] (Doc. 254). Because Leon did not exhaust his administrative remedies, the motion is denied.

In 2015, a jury found Leon guilty of two counts: carjacking and possessing a firearm during or in furtherance of a crime of violence. (Doc. 69). The Court sentenced Leon to 216 months of imprisonment for both counts. (Doc. 203). Leon is 36 years old and currently incarcerated at USP Hazelton in Bruceton Mills, West Virginia, with a projected release date of April 26, 2030. (*See* Bureau of Prisons Inmate Locator at https://www.bop.gov/inmateloc/

---

[1] References to documents in the instant case are "Doc." References to documents in Leon's first § 2255 civil action, civil case No. 6:19-cv-1882-JA-DCI, are "Doc. cv."

[https://perma.cc/7E42-CFKD] (last accessed on March 19, 2025)).

The Court denied Leon's first and second motions for compassionate release because he did not meet any of the extraordinary and compelling reasons for compassionate release under U.S.S.G. § 1B1.13 and because, if released, he would present a serious danger to the community. (Doc. 246; Doc. 253). Leon's second motion for compassionate release was also due to be denied for a lack of administrative exhaustion. (Doc. 253 at 2).

Before filing a motion for compassionate release, a defendant must "fully exhaust" his administrative rights with the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A); *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). Leon claims that he submitted his request for compassionate release to the warden on January 1, 2024. Leon does not provide anything to confirm that he submitted a request on January 1st. Instead, Leon provides a letter from the warden that states that Leon's request for compassionate release was submitted on November 27, 2024. (Doc. 265-1 at 1). Problematically, Leon's instant motion for compassionate release was filed in September 2024—months before his request was submitted to the warden. (Doc. 254).[2] And before Leon filed the instant motion, the Court warned Leon that "exhaustion is dispositive." (Doc.

---

[2] Leon also argues here that he has provided a "moral waiver." (Doc. 265 at 1). It is unclear what a "moral waiver" might be, and Leon has not presented any case law or explained how "moral waiver" is a workaround for administrative exhaustion.

2

253 at 2).³ Thus, Leon has not exhausted his administrative rights to appeal, and the motion is due to be denied on this basis.

Accordingly, it is **ORDERED** that Nester Leon's motion for compassionate release (Doc. 254) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on April 2ⁿᵈ, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Nester Leon

---

³ Many, if not all, of Leon's substantive arguments for compassionate release have already been rejected by this Court. For example, Leon argues that under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), his "conviction under 924(c)(1)(A) is unconstitutional," (Doc. 254 at 11), and that under *Taylor v. United States*, 596 U.S. 845 (2022), the "jury was [improperly] instructed as to [the] carjacking being 'attempted,'" (Doc. 254 at 13). This Court explicitly stated that "*Bruen* and *Taylor* afford Petitioner no relief. Petitioner was convicted of carjacking, not attempted carjacking. Thus, *Taylor* is inapplicable. . . . Likewise, . . . *Bruen* did not invalidate § 924(c)." (Doc. cv. 99 at 2 & nn.3, 4).