# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO. 6:14-cr-238-JA-DCI
(6:19-cv-1882-JA-DCI)
(6:25-cv-490-JA-DCI)

NESTER LEON

## ORDER

Before the Court is Nester Leon's fifth *pro se* motion for compassionate release under 18 U.S.C. § 3582.[1] (Doc. 277). Leon asserts that he has exhausted his administrative remedies. He has certainly exhausted the Court.

The Court denies Leon's instant motion for compassionate release for the same reason it denied his first and second motions[2]—he does not present extraordinary and compelling reasons for compassionate release and, if released, he would present a serious danger to the community. (Doc. 246; Doc.

---

[1] References to documents in the instant case are "Doc." References to documents in Leon's first § 2255 civil action, civil case No. 6:19-cv-1882-JA-DCI, are "Doc. cv."

[2] Leon's third and fourth motions were denied due to lack of administrative exhaustion. (Doc. 267; Doc. 275; *see* Doc. 253 at 2).

253). Leon's current motion requests compassionate release so he can join the military. The Court has already stated that joining the armed forces or otherwise going to war is not an "extraordinary and compelling reason" that warrants compassionate release. (Doc. 246 at 2–3); *see also* U.S.S.G. § 1B1.13(b) (listing six "extraordinary and compelling reasons" that would warrant a sentence reduction—the defendant's medical or family circumstances, age, suffering of abuse, or circumstances similar in gravity; or the defendant serving an unusually long sentence).

And even if Leon presented an extraordinary and compelling reason (which he has not), compassionate release would be denied because he continues to present a danger to the community and the 18 U.S.C. § 3553(a) factors weigh against compassionate release. As the Court stated in January 2024, Leon "had multiple prior felony convictions, including three crimes of violence." (Doc. 246 at 3). "The carjacking offense for which Leon was sentenced was . . . serious, and Leon has a troubling criminal history." (*Id.*). And "if Leon were released now, his term of imprisonment would not adequately 'reflect the seriousness of the offense,' 'promote respect for the law,' 'provide just punishment for the offense,' 'afford adequate deterrence to criminal conduct,' or 'protect the public from further crimes of the defendant.'" (*Id.* (quoting 18 U.S.C. § 3553(a)(2))).

Accordingly, it is **ORDERED** that Leon's motion for compassionate release (Doc. 277) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on September 26, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Nester Leon